IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUAVA LLC,

        Plaintiff,                              No. 2:12-cv-2514 MCE CKD

    vs.

JOHN DOE,                                         ORDER

        Defendant.

_____/

In this action, plaintiff alleges claims under the Federal Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq. and state law claims. Plaintiff alleges the Doe defendant gained access to protected information without legal authorization. In the complaint, plaintiff has identified the Doe defendant by an IP address. See Complaint, Exh. A.

Plaintiff now seeks expedited discovery relating to identification of the person associated with the IP address. The court finds expedited discovery with respect to the IP address identified in the complaint is appropriate. However, plaintiff also seeks information related to other IP addresses which plaintiff asserts are associated with defendant's alleged co-conspirators. Plaintiff fails to submit any explanation or evidence as to how the IP addresses identified in Exhibit A to the ex parte application for expedited discovery were obtained. Moreover, plaintiff's claim of civil conspiracy rests on the simple allegation that the Doe

1

defendant is a member of a "hacking community." At this stage of the litigation, supported only by the bare bones assertion that defendant conspired with others, the court does not find expedited discovery with respect to the other identified IP addresses is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for leave to take expedited discovery (dkt. no. 6) is granted in part;

2. Plaintiff may immediately serve a Rule 45 subpoena on the ISP Charter Communications to obtain the following information about the subscriber (defendant John Doe) corresponding to the IP address 71.92.65.184: *name, address, telephone number, and e-mail address*. The subpoena shall have a copy of this order attached.

3. The ISP, in turn, shall serve a copy of the subpoena and a copy of this order upon its relevant subscriber within 30 days from the date of service upon it. The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.

4. The subscriber and the ISP shall each have 30 days from the respective dates of service upon them to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). If that period elapses without the filing of a contesting motion, the ISP shall have ten (10) days thereafter to produce the information responsive to the subpoena to plaintiff.

5. The subpoenaed ISP shall preserve any subpoenaed information pending the production of the information to plaintiff and/or the resolution of any timely-filed motion contesting the subpoena.

6. The ISP that receives a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. If the ISP elects to charge for the costs of production, it shall provide plaintiff with a billing summary and cost reports.

7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the complaint.

Dated: November 7, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
guava2514.expdisc